IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:16CR150 |
| v. | ) | |
| | ) | |
| DARWIN J. STEWART, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the motion to suppress (Filing No. 19) filed by defendant, Darwin J. Stewart. A hearing on the motion was held before the undersigned magistrate judge on August 30, 2016. For the reasons stated on record at the hearing, as well as the reasons expressed below, the undersigned will recommend that the defendant's motion be granted, in part, and denied in part.

## BACKGROUND

As stated on the record, the undersigned made partial findings of facts. Those facts, and additional facts relevant to the instant motion, are summarized below.

On March 13, 2016, Officer James Holtmeyer of the Omaha Police Department was conducting surveillance of a residence in Omaha, Nebraska, based on information that a person with felony warrants, who was also involved in narcotics distribution, had ties to the residence. Officer Holtmeyer observed a "suspicious" vehicle with Iowa licenses plates circle the block outside the residence twice before dropping a female off on the third time around, and observed the female walk into the house being surveilled.

Officer Holtmeyer initiated a traffic stop of the vehicle after it failed to signal a right-hand turn. Officer Holtmeyer made contact with the driver of the vehicle, the defendant. Officer Holtmeyer observed that the defendant was nervous, sweating, breathing hard, and had shaking hands, and that the vehicle's passenger was acting

1

similarly nervous. Officer Holtmeyer conducted a data check over the radio with law enforcement, and Holtmeyer was informed the defendant is a "2CX," which Holtmeyer testified means the defendant is a convicted felon considered to be extremely dangerous.

Officer Holtmeyer asked the defendant to step out of the vehicle and asked if the defendant had any weapons. The defendant stepped out of the vehicle and responded he did not have weapons. The defendant consented to a patdown or protective frisk. During the protective frisk, Officer Holtmeyer testified he felt, in the defendant's front pocket, a plastic bag containing what Holtmeyer believed was methamphetamine. Officer Holtmeyer testified that methamphetamine has a different feel than other drugs, and based upon his training and experience, he believed and knew when he felt it that the plastic bag contained methamphetamine. Officer Holtmeyer reached into the defendant's pocket and removed the plastic bag containing methamphetamine. Officer Holtmeyer then placed the defendant under arrest. Subsequently, Officer Holtmeyer searched the vehicle and found other items identified in the pleadings.

The defendant was charged in the indictment with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B). (Filing No. 1). The defendant filed the instant motion to suppress any evidence obtained as a result of the stop of his vehicle and patdown of his person, and any statements he made in custody without *Miranda* warnings. (Filing No. 20). On the record during the hearing on the motion, the undersigned found the factual testimony of Officer Holtmeyer credible. The undersigned further found Officer Holtmeyer had probable cause to believe a traffic violation occurred and therefore the stop of the defendant's vehicle was valid. Finally, the undersigned found that Officer Holtmeyer was permitted to stop and frisk the defendant both under *Terry v. Ohio*, 392 U.S. 1 (1968), and also pursuant to the defendant's consent.

The Government conceded at the hearing, and in its brief, that any statements made by the defendant after he was placed in handcuffs, but prior to being Mirandized, are

2

subject to the exclusionary rule. (Filing No. 24 at p. 5). At the hearing, defense counsel narrowed the scope of the motion to suppress to the sole issue of whether Officer Holtmeyer's search of the defendant's pocket exceeded the permissible scope of a valid protective frisk. The undersigned requested additional briefing by the parties regarding the protective frisk issue. The Government submitted an additional brief on September 16, 2016. (Filing No. 50). The defendant did not file a supplemental brief by the September 30, 2016, deadline.

## DISCUSSION

As clarified by defense counsel at the hearing, the only remaining issue before the undersigned is whether the officer's search of the defendant's pocket to remove the plastic bag exceeded the permissible scope of a valid protective frisk. The Government argues the "plain feel" doctrine applies.

The Supreme Court of the United States has approved a "plain feel" exception to the warrant requirement in the context of a protective pat-down for weapons in connection with a *Terry* stop. See *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). The "plain feel" exception authorizes seizure of contraband found in a protective pat-down for weapons if "the incriminating character of the contraband be 'immediately apparent' during the frisk." *United States v. Hughes*, 15 F.3d 798, 802 (8th Cir. 1994). "If an officer detects apparent contraband during a valid protective frisk, the officer may seize the item." *United States v. Binion*, 570 F. 3d 1034, 1040 (8th Cir. 2009) (citing *Dickerson*, 508 U.S. at 376-77). The officer conducting a pat-down search must have probable cause to believe the item in plain touch is contraband. *Dickerson*, 508 U .S. at 376. To give rise to probable cause, the incriminating character of the object must be immediately apparent. *United States v. Muhammad*, 604 F.3d 1022, 1027 (8th Cir. 2010). Probable cause "does not require absolute certainty; it only requires 'that the facts available to a reasonably cautious man would warrant a belief that certain items may be contraband or

3

stolen property or useful as evidence of the crime.'" *Muhammad*, 604 F.3d at 1028 (quoting *United States v. Green*, 560 F.3d 853, 858 (8th Cir. 2009)). The plain feel doctrine "extends to the lawful discovery of any incriminating evidence," including contraband such as drugs. *United States v. Bustos-Torres*, 396 F.3d 935, 944 (8th Cir. 2005).

The undersigned concludes the plain feel doctrine permitted Officer Holtmeyer to search the defendant's front pocket and to seize its contents. Officer Holtmeyer testified that when he patted down the defendant's front pocket, he immediately felt a plastic bag in the defendant's front pocket that Holtmeyer knew from his training and experience was methamphetamine. According to Holtmeyer's testimony, corroborated by the video of the traffic stop, he immediately removed the plastic bag; there was no further manipulation of the contents of the defendant's pocket to determine whether the contents contained contraband. See *Hughs*, 15 F. 3d at 802 (concluding a police officer may seize an item during a lawful frisk when the police officer's first impression was that the object was contraband without further manipulation of the object). In other words, the incriminating character of the contraband was "immediately apparent" to Officer Holtmeyer during the frisk. See *id.* Moreover, prior to stopping the defendant's vehicle, Officer Holtmeyer observed a female exit the defendant's vehicle and head into the house Holtmeyer had been surveilling, which house was associated with an individual involved in narcotics distribution. Additionally, when Officer Holtmeyer made contact with the defendant, Holtmeyer observed that the defendant was nervous, sweating, breathing hard, and had shaking hands, and that the vehicle's passenger was acting similarly nervous. The undersigned finds the totality of the above circumstances provided Officer Holtmeyer with probable cause to believe the object he felt in the defendant's pocket was contraband, which permitted the search of the defendant's pocket and seizure of the plastic bag. Accordingly,

4

**IT IS HEREBY RECOMMENDED TO SENIOR JUDGE JOSEPH F. BATAILLON that**:   Defendant's, Darwin J. Stewart, Motion to Suppress (Filing No. 19) be granted with respect to any statements the defendant made during the period of time between when the defendant was placed under arrest prior to proper *Miranda* warnings; and that the motion be denied in all other respects.

## ADMONITION

Pursuant to NECrimR 59.2, any party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation.   Failure to timely object may constitute a waiver of any objection.

**DATED:   October 3, 2016.**

**BY THE COURT:**

**s/ F.A. Gossett
United States Magistrate Judge**

5