IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>DARWIN J. STEWART,<br><br>      Defendant. | 8:16CR150<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on defendant Darwin Stewart's objection (Filing No. 58) to Magistrate Judge F.A. Gossett's Findings and Recommendation ("F&R") (Filing No. 51). The magistrate judge recommended that this Court deny Stewart's Motion to Suppress (Filing No. 19). Stewart is charged with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841.

  Stewart seeks suppression of evidence obtained by law enforcement officers as a result of a protective frisk of his person during a traffic stop. He argues law enforcement officers exceeded the scope of a protective frisk in violation of the Fourth Amendment.

**I. BACKGROUND**

  On August 30, 2016, the magistrate judge held an evidentiary hearing. The evidence adduced at the hearing is accurately summarized in the magistrate judge's F&R and need not be repeated here except as necessary to the Court's opinion. At the hearing, defense counsel narrowed the scope of the motion to suppress to the sole issue of whether Omaha Police Department ("OPD") Officer James Holtmeyer's search of the defendant's pocket exceeded the permissible scope of a valid protective frisk.

  Officer Holtmeyer testified he was conducting surveillance on a residence when he observed the defendant in a black sport-utility vehicle ("SUV"). Officer Holtmeyer testified that after the SUV circled the block twice and dropped someone off at the

residence under surveillance, he observed the driver of the SUV make a right turn without signaling. The videotaped recording of the incident confirms that the driver did not signal his intent to turn. Officer Holtmeyer testified he stopped the SUV, asked for the driver's license, conducted a data check over the radio, and learned the driver, defendant Darwin J. Stewart ("Stewart") was a convicted felon considered to be extremely dangerous.

Officer Holtmeyer testified he then asked the defendant to step out of the vehicle and the defendant consented to a protective frisk. He testified he started with Stewart's "right chest area and worked [his] way down the right side of [Stewart's] body. And then [he] began with [Stewart's] left side." He stated he "immediately felt a plastic bag in [Stewart's] right front pocket that contained a substance through [Officer Holtmeyer's] training and experience [he] knew to be methamphetamine." Although Officer Holtmeyer first referred to Stewart's right front pocket as containing the item, he testified shortly thereafter that the bag was found in Stewart's left front pocket. On cross-examination, Officer Holtmeyer clarified that he found the bag in the defendant's left pocket. The videotaped recording of the incident confirms that the object was found in the defendant's left pocket.

Officer Holtmeyer testified that, although he was not certain, he knew the substance was methamphetamine because "methamphetamine has a much different feel than cocaine . . . depending on whether there are large shards in it and its—its overall consistency." The videotaped recording shows the officer retrieved a bag from the defendant's left pocket within seconds after beginning to pat down the left side of the defendant's body.

Crediting Officer Holtmeyer's testimony, the magistrate judge found:

> the plain feel doctrine permitted Officer Holtmeyer to search the defendant's front pocket and to seize its contents. Officer Holtmeyer testified that when he patted down the defendant's front pocket, he immediately felt a plastic bag in the defendant's front pocket that Holtmeyer knew from his training and experience was methamphetamine. According to Holtmeyer's testimony, corroborated by the video of the traffic stop, he immediately removed the plastic bag; there was no further manipulation of the contents of the defendant's pocket to determine whether the contents contained contraband.

Therefore, the magistrate judge recommended denial of the defendant's motion to suppress.

Stewart objects to the magistrate judge's finding that Officer Holtmeyer's testimony was credible. He argues Officer Holtmeyer's testimony that the officer knew the substance in the bag was methamphetamine appeared to rely "upon his x-ray vision and clairvoyance" and "strains credulity."

## II. DISCUSSION

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute.

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The de novo standard includes review of a magistrate judge's credibility determinations. *See United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003); *Taylor v. Farrier*, 910 F.2d 518, 521 (8th Cir. 1990) ("[O]nce a party makes a proper objection to a magistrate's finding, including a credibility finding, the district court *must* make a de novo determination of that finding"). "The court need not conduct a de novo hearing, . . . but must nonetheless make a de novo determination of that finding based on the record." *Taylor*, 910 F.2d at 521 (internal citation omitted). At a

3

minimum, the district court must listen to a tape recording or read a transcript of the evidentiary hearing. *Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995).

Once a valid stop has been made, police officers can pat a suspect's outer clothing if they have a reasonable, particularized suspicion that the suspect is armed. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968); *United States v. Hughes*, 15 F.3d 798, 802 (8th Cir. 1994). However, to seize items other than weapons, "the officer conducting a pat-down search [must] have probable cause to believe the item in plain touch is incriminating evidence." *United States v. Bustos-Torres*, 396 F.3d 935, 944-45 (8th Cir. 2005); *see Minnesota v. Dickerson*, 508 U.S. 366, 376 (1993) (establishing the "plain touch" or "plain feel" doctrine).

The item need not be contraband, but "[t]o give rise to probable cause, the incriminating character of the object must be immediately identifiable." *Bustos-Torres*, 396 F.3d at 944 (stating "we do not doubt the plain-touch doctrine extends to the lawful discovery of any incriminating evidence, not just contraband such as drugs."); *see also United States v. Cowan*, 674 F.3d 947, 953 (8th Cir. 2012) ("A police officer 'lawfully pat[ting] down a suspect's outer clothing' may seize any 'object whose contour or mass makes its identity immediately apparent' as incriminating evidence" (quoting *Dickerson*, 508 U.S. at 375)). "[A]n item's incriminatory nature is immediately apparent if the officer at that moment had 'probable cause to associate the property with criminal activity' . . . meaning 'the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband or stolen property or useful as evidence of a crime.'" *Cowan*, 674 F.3d at 953 (quoting *Texas v. Brown*, 460 U.S. 730, 741-42 (1983) (plurality opinion)). However, the officer may not manipulate the item in order to ascertain the incriminating character where it is not immediately apparent to him. *See Hughes*, 15 F.3d at 802 (finding seizure of an item proper based on a "first impression" that an object was contraband because the officer testified he "'could feel lumps that [he] thought would be crack cocaine,'" without further manipulation of

the object). *Hughes*, 15 F.3d at 802; *cf. United States v. Craddock*, No. 15-3705, 2016 WL 6595967, at *2 (8th Cir. Nov. 8, 2016) (finding key fob's incriminating character was not immediately apparent upon plain feel).

## III.   DISCUSSION

The Court has reviewed the record, including the transcript of the hearing and the exhibits and has reviewed the videotape of the incident. In this case, the defendant consented to a protective patdown search. According to his testimony, Officer Holtmeyer's first impression was that the object he felt in Stewart's front left pocket was contraband; there was no further manipulation of the object. Officer Holtmeyer testified he immediately felt a plastic bag containing shards of a substance. He stated, based on his training and experience, he knew the substance was methamphetamine. He explained that he was familiar with the feel of methamphetamine and that methamphetamine has a different feel than other substances. It stands to reason that the incriminating character of a substance in a plastic bag would be immediately apparent to a trained law enforcement officer. There is a distinctive feel to a plastic bag. Unlike, for example, a key fob, which would not normally be indicative of criminal activity, a bag containing a shard-like substance is not normally found in the pocket of a law-abiding citizen.

The videotaped recording of the stop corroborates Officer Holtmeyer's testimony. The Court rejects the defendant's argument that the officer's testimony "strains credulity." The officer's testimony is consistent overall and the transcript of the hearing makes it clear that the officer's initial mention of the defendant's right front pocket was a mere misstatement that he later cleared up. The Court finds no error in the magistrate judge's crediting of Officer Holtmeyer's testimony. The Court agrees with the magistrate judge's conclusion that Officer Holtmeyer conducted a lawful frisk of the defendant and lawfully seized the methamphetamine in Stewart's pocket under the plain-feel doctrine.

IT IS ORDERED:

1. The defendant's objection (Filing No. 58) to the F&R (Filing No. 51) is OVERRULED.

2. The magistrate judge's F&R (Filing No. 51) is ACCEPTED and ADOPTED.

3. Defendant Darwin J. Stewart's motion to suppress (Filing No. 19) is DENIED.

Dated this 1st day of December, 2016.

                              BY THE COURT:

                              s/ *Robert F. Rossiter, Jr.*
                              United States District Judge